UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-144-1-F
No. 5:12-CV-222-F

RANDY RASHAHAN HESTER, )
    Petitioner, )
  )
v. ) ORDER
  )
UNITED STATES OF AMERICA, )
    Respondent. )

Randy Rashahan Hester ("Hester") was sentenced on February 2, 2010, to serve 37 months imprisonment followed by a three-year term of supervised release, upon his plea of guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). *See* Judgment [DE-27]. He completed his term of imprisonment and had begun serving the term of supervised release when the Probation Office sought leave to petition for revocation of his supervision. *See* Motion [DE-30].

Hester, through appointed counsel, *see* [DE-32], moved on April 24, 2012, to vacate, set aside or correct his conviction and sentence, on grounds he is "actually innocent" of the § 922(g) offense in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The Government was directed to file a response. Less than a month later, the Probation Officer moved for revocation of Hester's supervised release [DE-38]. Hester was arrested on or about May 24, 2012, and detained upon motion of the Government pending hearing on the motion to revoke supervised release. *See* [DE-44 & -47].

About two weeks later, the Government filed a Motion to Dismiss Hester's § 2255 motion, arguing that Hester had waived his right to challenge his conviction and sentence, that the § 2255 motion was untimely having been filed more than one year from the date on which his conviction became final, and that the doctrine of equitable tolling should not apply. The

hearing on the Probation Officer's Motion for Revocation was continued twice. *See* [DE-54 and -56]. The court ordered on August 7, 2012, that Hester be released on a personal recognizance bond pending the rescheduled hearing set for October 1, 2012. *See* [DE-57].

On August 15, 2012, the Government filed a Withdrawal [DE-58] of its Motion to Dismiss [DE-48] the § 2255 motion, concluding that, "because petitioner has no qualifying predicate conviction under *Simmons*, this court should grant petitioner's motion and vacate his conviction." Withdrawal of Motion [DE-58] p. 3. The court accepts the Government's position and its suggested remedy.

A review of his prior criminal record, in light of the ruling in *Simmons* and the content of the Government's Withdrawal [DE-58], together with the record in this case convinces the court that Hester in fact was and is "actually innocent" of the § 922(c) conviction. Because he was not a "felon" at the time of that alleged offense under North Carolina law, as properly construed, an element of the § 922(g) offense was lacking. Furthermore, because Hester is actually innocent of the § 922(c) conviction, the period of supervised release imposed thereon in 2010, also must be vacated.

In summary, the Government's Withdrawal [DE-58] of its Motion to Dismiss [DE-48], and Hester's Motion to Vacate, Set Aside or Correct his conviction and sentence [DE-35] under § 2255 are ALLOWED. The Probation Officer's Motion for Revocation [DE-38] is DENIED, and the October 1, 2012, hearing scheduled thereon CANCELED. The Judgment entered on February 2, 2010 [DE-27] hereby is VACATED. Hester is ORDERED to be released from federal custody and supervision in the above-captioned case, subject to detainer(s), if any.

SO ORDERED. This, the 16th day of August, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2

Case 5:09-cr-00144-F   Document 59   Filed 08/16/12   Page 2 of 2